UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Floyd Mallory,** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **Civil Action No. 13-0367 (CKK)** |
| | : | |
| **United States Department of** | : | |
| **Housing and Urban Development,** | : | |
| | : | |
| **Defendant.** | : | |

**MEMORANDUM OPINION**

In this action removed from the Superior Court of the District of Columbia, plaintiff, proceeding *pro se*, filed a single paragraph complaint against "D.C. Housing and Urban Development." Complaint [Dkt. # 1-1]. He seeks $45,000 for "pain and suffering" arising from the alleged horrid conditions of his living quarters.[1]

Since the complaint lists defendant's address as that of the United States Department of Housing and Urban Development ("HUD"), the United States appeared in the Superior Court case as "the intended defendant" and now moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12 (b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant moves in the alternative for a more definite statement of the claim under Rule 12(e). Def.'s Mem. of P. & A. in Support of Mot. to Dismiss and, in the Alternative, for a More Definite Statement [Dkt. # 3-1] at 1. In response to the instant motion, plaintiff has provided

---

[1] Plaintiff styles this action as concerning "the matter of slum landlord and medical hardship." Plaintiff suggests that he was exposed for months to oven fumes, "holes in walls with infestation, pestacide" and mold, which led to his hospitalization for a collapsed lung.

1

photos and medical records in support of his claim; he has not addressed defendant's procedural arguments. *See* Pl.'s Response to Def.'s Mot. to Dismiss [Dkt. # 5]. Defendant argues that jurisdiction is wanting because plaintiff has not exhausted his administrative remedies under the Federal Tort Claims Act ("FTCA"). Def.'s Mem. at 2. For the following reasons, the Court agrees and, thus, will grant defendant's motion and dismiss the case.

The jurisdiction of the federal courts is limited, and the law presumes that "a cause lies outside this limited jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Before entertaining an action, the Court must first establish that it has jurisdiction, and it is the plaintiff's burden to establish that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "The United States is protected from unconsented suit under the ancient common law doctrine of sovereign immunity." *Shuler v. U.S.* 531 F.3d 930, 932-33 (D.C. Cir. 2008) (quoting *Gray v. Bell*, 712 F.2d 490, 506 (D.C. Cir. 1983)). Through the FTCA, Congress has waived the United States's immunity from suit for money damages for certain torts under certain conditions. *See* 28 U.S.C. §§ 1346(b)(1), 2671-80. In order to maintain an action under the FTCA, plaintiff must have exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011).

The Court has considered plaintiff's notices, *see* Dkt. ## 6, 7, 9, along with his opposition, but finds that none serves to rebut the fact that he "has not filed a claim for injury or damages with [HUD]," Decl. of Miniard Culpepper [Dkt. # 3-2] ¶ 3, and the complaint provides no other basis for maintaining jurisdiction. *See generally* 28 U.S.C. §§ 1331, 1332. Hence, defendant's motion to dismiss under Rule 12(b)(1) is granted. *See Abdurrahman v. Engstrom*,

168 Fed.Appx. 445 (D.C. Cir. 2005) (per curiam) (affirming dismissal of unexhausted FTCA claim on jurisdictional ground). A separate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: February 26, 2014